# United States District Court
## for the
## Southern District of New York

Joshua Adam Schulte,
  plaintiff

Case No. _____
(to be filled in by clerk's office)

— v —

United States of America
and unknown Bureau of Prisons
and Federal Bureau of Investigation
officers,
  Defendants

RECEIVED
SDNY PRO SE OFFICE
2021 MAY 28  PM 2:31

## NEW COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Prisoner Complaint)

I. The Parties to This Complaint

A. The Plaintiff
   Name: Joshua Adam Schulte
   AKA: Josh
   ID #: 79471054
   Institution: Metropolitan Correctional Center (MCC)
   Address: 150 Park Row
            New York, New York 10007

B. The Defendants

Defendant No. 1
Name: The United States of America
— Substituted for the Bureau of Prisons and Federal Bureau of Investigation in accordance with the Federal Tort Claims Act (FTCA)

Defendant No. 2
Unknown Number of Bureau of Prisons officers
— See Complaint

Defendant No. 3
Unknown Number of Federal Bureau of Investigation officers
— See Complaint

II. Basis for Jurisdiction

A. The Federal Tort Claims Act (FTCA) is the basis for jurisdiction against the United States of America defendant.

B. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 US 388 (1971), basis for jurisdiction against BOP and FBI officers.

  1. Under Bivens, claiming violation of First, Fourth, and Sixth Amendments.

III. Prisoner Status — Pretrial Detainee

IV. Statement of Claim

Between October 1, 2018 to present day, the defendants have engaged in the deliberate delay of all legal and court correspondence mail to me, and in some circumstances, from me. The MCC/BOP defendants opened legal mail and court mail outside my presence, confiscated it, and mailed it to the FBI defendants. After 1-3 months, the BOP/MCC defendants would then deliver the mail to me.

V. Injuries

The defendants caused substantial damage including the denial to the plaintiff of access to the courts, where multiple motions and even entire cases were dismissed due to missed deadlines; the inability for the plaintiff to assist in his own defense and the confiscation of attorney-client privileged information; among other injuries.

## VI. Relief

A. Plantiff first seeks a permanent injunction to compel MCC to deliver all legal mail and court correspondence promptly. Plantiff asks the court to compel the MCC to note when mail is received, when it is delivered to Mr. Schulte, and to notify the courts immediately when any piece of mail is delayed by three days or more. Plantiff also seeks to compel MCC not to open or confiscate any mail, except for probable cause and a warrant; and to open any and all legal mail and court correspondence, in the case of a warrant, in Mr. Schulte's pressence.

B. In accordance with the Federal Tort Claims Act (FTCA), Mr. Schulte sought a claim for a total of $100 Million on December 19, 2020; six months have expired with no response. Mr. Schulte now seeks $100 million from the United States of America defendant. Mr. Schulte additionally seeks unspecified damages from remaining unknown defendants.

## VII. Exhaustion of Administrative Remedies

Mr. Schulte sought administrative remedy of the claims specified herein on three separate occassions & exhausted all administrative remedies in each. The administrative remedies were denied without consideration of the claims or were ignored until time for a response expired.

## VIII. Previous Lawsuits — No case dismissed based on "three strikes rule"

Administratively Closed
Open

A. Joshua Adam Schulte v. Attorney General of the United, et al. 19-CV-3346 (SDNY)
B. Joshua Adam Schulte v. BOP, et al. 20-CV-2795 (SDNY)
C. In re Joshua Adam Schulte Dkt 21-514 (2d Cir).
   This case was dismissed due to the mail issue in the instant case; MCC delayed the mail until due date expired; pending reinstatement

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any change to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 5/24/21

*Josh Schulte*

Joshua Adam Schulte #74471054
MCC
150 Park Row
New York, New York 10007

Clerk of Court,

Please find enclosed my new complaint for Violation of Civil Rights (prisoner complaint) that is taken from form Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner).

Also enclosed is the Motion/application to proceed in forma pauperis along with the Prisoner Authorization Form.

5/24/21

Josh Schulte #79471054
MCC
150 Park Row
New York, New York 10007

Josh Schulte #79471054
MCC
150 Park Row
NY, NY 10007



RECEIVED
SDNY PRO SE OFFICE
2021 MAY 28  PM 2:24

ATTN: New Civil complaint for violation of civil rights
Pro Se Intake office
United States District Court for the Southern District of NY
500 Pearl Street
NY, NY 10007

